IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PAUL GERMAIN-CUMMINGS,** on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>**LIBERTY UNIVERSITY,**<br><br>        Defendant. | Case No.: 4:22-cv-40036-TSH |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Liberty University, Inc. ("Liberty" or "Defendant"),[1] by counsel, hereby answers, paragraph by paragraph, Plaintiff Paul Germain-Cummings' Complaint (ECF No. 1) ("Complaint") filed March 30, 2022, and asserts its affirmative defenses.

## NATURE OF ACTION[2]

1. The allegations contained in Paragraph 1 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

2. Liberty admits only that this case involves allegations of a campaign by Liberty to market its programs through the use of pre-recorded telemarketing calls. Liberty denies calling Plaintiff as part of any such campaign, and denies the remaining allegations.

---

[1] Plaintiff's Complaint mistakenly refers to "Liberty University," its trade name; it is a non-profit entity incorporated as "Liberty University, Inc."

[2] Liberty adopts Plaintiff's headings solely for ease of reference. To the extent that any response is required to those headings, Liberty denies all allegations contained therein.

3. Denied. Liberty specifically denies that Plaintiff was the recipient of any call made by Liberty, and further denies that Plaintiff or any putative class member is entitled to any relief from Liberty.

**PARTIES**

4. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies them.

5. Admitted.

**JURISDICTION AND VENUE**

6. The allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty admits only that the Court has subject matter jurisdiction over claims arising out of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

7. Liberty denies it made calls directed to and received by the Plaintiff in this District. The remaining allegations contained in Paragraph 7 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

8. Liberty denies it made calls directed to and received by the Plaintiff in this District. The remaining allegations contained in Paragraph 8 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

## TCPA BACKGROUND

9. The allegations contained in Paragraph 9 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

10. The allegations contained in Paragraph 10 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

11. The allegations contained in Paragraph 11 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

12. The allegations contained in Paragraph 12 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

## FACTUAL ALLEGATIONS

13. Admitted.

14. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

15. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. Denied; Liberty never called the Plaintiff and has no record of ever calling the Plaintiff.

17. Denied.

18. Denied.

19. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. Liberty admits only that (866) 834-0571 is a Liberty number that is utilized only for receiving incoming calls, and is not a number provided by Liberty in connection with outbound calls as a call-back number, and therefore denies both calling Plaintiff's number and denies ever providing (866) 834-0571 as a call-back number as part of any of its outbound call campaigns.

22. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

23. Liberty admits only that it has been sued before for alleged TCPA violations, but has never been adjudged to have violated the TCPA.

24. Liberty is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25. Denied.

## CLASS ACTION ALLEGATIONS

26. The allegations contained in Paragraph 26 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

27. The allegations contained in Paragraph 27 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

28. Liberty denies that Plaintiff is a member of the proposed class. The remaining allegations contained in Paragraph 28 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the remaining allegations.

29. The allegations contained in Paragraph 29 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

30. The allegations contained in Paragraph 30 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

31. The allegations contained in Paragraph 31 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

32. The allegations contained in Paragraph 32 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

33. The allegations contained in Paragraph 33 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

34. The allegations contained in Paragraph 34 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

35. The allegations contained in Paragraph 35 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

36. The allegations contained in Paragraph 36 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

37. The allegations contained in Paragraph 37 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

38. The allegations contained in Paragraph 38 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

39. The allegations contained in Paragraph 39 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

40. The allegations contained in Paragraph 40 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

41. The allegations contained in Paragraph 41 of the Complaint call for legal conclusions to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

**FIRST CAUSE OF ACTION**

42. Liberty incorporates its responses to paragraphs 1-41 above as if fully set forth here.

43. Denied.

44. Denied.

45. The allegations contained in Paragraph 45 of the Complaint call for legal conclusions and are not a complete recitation of the applicable legal regime, to which no response is necessary. To the extent a response is deemed required, Liberty denies the allegations.

46. Denied.

## PRAYER FOR RELIEF

This section contains legal conclusions that do not require a response from Liberty, but if a response is deemed required, Liberty denies that Plaintiff is entitled to any of the relief sought in his Prayer for Relief. Liberty denies any allegation in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Based upon its current information and belief, Liberty asserts the following affirmative defenses to Plaintiff's Complaint, and reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate. By asserting these defenses here, Liberty does not concede that it has the burden of proof or production for any of the following:

### First Affirmative Defense

Plaintiff's claims are barred in whole, or in part, because Liberty has not engaged in any wrongful conduct.

### Second Affirmative Defense

Plaintiff's claims are barred in whole, or in part, because Plaintiff lacks Article III standing because he has incurred no injury or actual harm or damages as a result of the alleged calls at issue.

<u>Third Affirmative Defense</u>

Plaintiff's claims are barred in whole, or in part, because Liberty did not make any of the alleged calls to Plaintiff. Liberty has no records of ever making any calls to Plaintiff. Therefore, Plaintiff has no standing to bring this claim and is not a member of the proposed class.

<u>Fourth Affirmative Defense</u>

Although Liberty specifically denies it has any liability with respect to Plaintiff's claims and allegations, Liberty asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional, as Liberty, if found to have been responsible for any of the alleged communications to Plaintiff, believed in good faith it received prior express consent to send or make such communications to the phone number at issue.

<u>Fifth Affirmative Defense</u>

Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief may be granted.

**RESERVATION OF RIGHTS**

Liberty reserves the right to amend this Answer and/or to assert additional defenses and/or supplement, alter, or change any of the responses set forth in this Answer in any manner upon further investigation and/or discovery.

**CONCLUSION AND REQUEST FOR RELIEF**

WHEREFORE, Liberty prays that the Complaint be dismissed with prejudice, with Liberty being awarded all costs of suit, including attorney's fees, as they may be payable pursuant to applicable law.

        Respectfully Submitted,

        LIBERTY UNIVERSITY, INC.,

        By its attorneys,


        <u>/s/ Jillian E. Carson</u>
        Stephen D. Riden, BBO No. 644451
        Jillian E. Carson, BBO No. 698505
        BECK REED RIDEN LLP
        155 Federal Street, Suite 1302
        Boston, Massachusetts 02110
        Telephone: 617-500-8600
        Facsimile: 617-500-8665
        *sriden@beckreed.com*
        *jcarson@beckreed.com*

        *Counsel for Defendant Liberty University, Inc.*

Dated: May 19, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document has been filed through the CM/ECF system on May 19, 2022, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

                                                                    */s/ Jillian E. Carson*
                                                                    Jillian E. Carson